NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 18 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROXANA TOWRY RUSSELL,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>WALMART INC., a Delaware corporation; WAL-MART.COM USA, LLC, a California Limited Liability Corporation,<br><br>Defendants-Appellants. | No. 23-55542<br><br>D.C. No.<br>2:19-cv-05495-MWF-JC<br><br>MEMORANDUM[*] |
| ROXANA TOWRY RUSSELL, Plaintiff Roxana Towry Russell an individual doing business as Roxy Russell Design,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>WALMART INC., a Delaware corporation; WAL-MART.COM USA, LLC, a California Limited Liability Corporation,<br><br>Defendants - Appellants. | No. 24-592<br><br>D.C. No.<br>2:19-cv-05495-MWF-JC |

Appeal from the United States District Court

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted February 4, 2025
Pasadena, California

Before: MILLER, LEE, and DESAI, Circuit Judges.
Partial Concurrence and Partial Dissent by Judge DESAI.

Walmart, Inc. and Wal-Mart.com USA, LLC (collectively "Walmart") appeal a jury's verdict entered against it for copyright infringement and the district court's order granting Roxana Russell attorneys' fees and costs. A jury found Walmart liable for infringement based on Walmart.com listings that contained Russell's two copyrighted photographs and that sold lamps which infringed on her three copyrighted sculptural lamps. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, reverse in part, and vacate and remand in part.

We review the jury's verdict for substantial evidence and must uphold it "if it is supported by substantial evidence, which is evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion." *Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 984 (9th Cir. 2017) (quoting *Harper v. City of Los Angeles*, 533 F.3d 1010, 1021 (9th Cir. 2008)). Because Walmart moved for judgment as a matter of law at trial, we review the district court's denial of that motion de novo, viewing the evidence in the light most favorable to Russell as the non-moving party and drawing all reasonable inferences in her favor. *See Harper*, 533 F.3d at 1021; *Wallace v. City of San Diego*, 479 F.3d 616, 624 (9th

2                                              24-592

Cir. 2007).

1.      Walmart timely filed a notice of appeal of the district court's order entering final judgment in favor of Russell on the copyright claims. The notice of appeal was held in abeyance while Walmart's Federal Rule of Civil Procedure 50(b) renewed motion for judgment as a matter of law was pending, and it became effective once the district court denied the motion. *See* Fed. R. App. P. 4(a)(4)(B)(i). We thus have jurisdiction over this appeal.[1]

2.      Substantial evidence supports the jury's verdict in favor of Russell as to her three copyrighted lamps. To prevail on her direct copyright infringement claims, Russell had to prove that Walmart engaged in active, volitional conduct that "can reasonably be described as the direct cause of the infringement." *VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723, 731 (9th Cir. 2019) (emphasis omitted) (quoting *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 666 (9th Cir. 2017)). Walmart argued that it did not cause the infringement because it merely hosted the website through which a third-party vendor, Sunsea Grocery ("Sunsea"), sold the infringing lamps.

At trial, Russell introduced the product listings into evidence. The listings did

---

[1]      We have jurisdiction despite Walmart's failure to appeal the district court's order denying the 50(b) motion because Walmart does not challenge the 50(b) order or its "alteration or amendment" of the final judgment. Fed. R. App. P. 4(a)(4)(B)(ii); *see Whitaker v. Garcetti*, 486 F.3d 572, 585 (9th Cir. 2007).

not contain Sunsea's name; instead, they stated that the lamps were "[s]old & shipped by Walmart." Russell also introduced Walmart's merchandise agreement with Sunsea, which stated that Walmart "assumes title to the Merchandise at the time the Merchandise is received by the shipping carrier." Additionally, she presented evidence that Walmart designates the shipping carrier used by third-party drop-ship vendors ("DSVs") like Sunsea, and that those DSVs—unlike other third-party vendors who sell in their own name—ship products sold on Walmart.com using Walmart's carrier account. Walmart also handles returns of products sold by DSVs. And buyers of those products pay Walmart directly, not the DSVs.

This evidence provides more than adequate support for the jury's verdict as to the lamps. Even if the jury believed that Sunsea produced the infringing lamps, it could reasonably believe that Walmart took legal title to the lamps and actively controlled their sale, shipment, and return. Although Walmart introduced some evidence that Sunsea shipped the infringing lamps without its involvement, the jury was not required to believe Walmart over Russell. *See Harper*, 533 F.3d at 1023. Viewing the evidence in the light most favorable to Russell, Walmart caused the infringement of her copyrighted lamps.

3.     Substantial evidence does not support the jury's verdict in favor of Russell as to her two copyrighted photographs. To prove that Walmart directly caused the infringement of her photographs, Russell had to provide "some evidence

showing [Walmart] exercised control (other than by general operation of its website); selected [her photos] for upload, download, transmission, or storage; or instigated any copying, storage, or distribution of [her] photos." *Zillow*, 918 F.3d at 732 (quoting *Giganews*, 847 F.3d at 666, 670) (cleaned up). Passive activities, "such as automatic copying, storage, and transmission of copyrighted materials, when instigated by others, do not render an Internet service provider strictly liable for copyright infringement." *Id.* (quoting *Giganews*, 847 F.3d at 670) (cleaned up).

Russell did not carry her burden of proving that Walmart itself engaged in volitional conduct by posting or approving the listings that used her photographs. To be sure, Russell presented evidence that Walmart had the ability to control the listings of DSVs like Sunsea. But "the *possibility* that images might be moderated and tagged—conduct that is volitional—is not sufficient to transform [Walmart] from a passive host to a direct cause of the display of [Russell's] images." *Zillow*, 918 F.3d at 737 (cleaned up). Indeed, Walmart referenced internal records at trial to demonstrate that it did not approve, monitor, or otherwise change Sunsea's listings. Walmart also explained that the "[s]old & shipped by Walmart" label was automatically added to listings posted by third-party DSVs like Sunsea. In other words, Walmart did not play an active role in the selection and distribution of the copyrighted photographs. Much like the website owners in *Zillow* and *Giganews*, Walmart merely provided an online platform onto which Sunsea, a third-party DSV,

uploaded the infringing content. *See Zillow*, 918 F.3d at 738 (finding no direct liability where a website owner institutes an automatic process for responding to users' input); *Giganews*, 847 F.3d at 669 (explaining that there was no direct infringement because the plaintiff "failed to show that the distribution does not happen automatically"). Russell fails to satisfy the substantial-evidence standard not because we find Walmart's evidence to be more convincing than hers, but because she presented no evidence from which we can draw the reasonable inference that Walmart posted or controlled the listings at issue. The jury's verdict that Walmart directly infringed on Russell's copyrights therefore cannot stand.

Russell also did not present adequate evidence for the jury to find Walmart secondarily liable for Sunsea's infringement of the photographs.[2] Russell did not present evidence that Walmart materially contributed to or induced Sunsea's infringement, which is necessary to prove contributory liability. *Zillow*, 918 F.3d at 745. And Russell did not present evidence that Walmart had a direct financial interest in the infringing activity, which is necessary to prove vicarious liability. *Id.* at 746.

4.      Because we reverse in part, we vacate the district court's order granting

---

[2] Walmart did not waive its defense to secondary liability in its oral motion at trial for judgment as a matter of law. Fed. R. Civ. P. 50(a). In its motion, Walmart argued that Russell failed to prove its liability for copyright infringement, which is sufficient to preserve the issue for appeal. *See Reeves v. Teuscher*, 881 F.2d 1495, 1498 (9th Cir. 1989).

attorneys' fees and costs and remand to the district court to reconsider the award in light of Russell's partial success on her copyright claims. In awarding attorneys' fees, the district court should consider, among other things, the "amount of fees that is reasonable in relation to the results obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 440 (discussing factors to consider).

**AFFIRMED in part, REVERSED in part, and VACATED and REMANDED in part.**

*Roxanna Russell v. Walmart, Inc.*, Case No. 23-55542, 24-592

DESAI, Circuit Judge, concurring in part and dissenting in part:

I agree that substantial evidence supports the jury's verdict finding Walmart liable for infringement of Russell's copyrighted lamps. I part ways with the majority's decision to set aside the jury's verdict against Walmart for copyright infringement as to Russell's copyrighted photographs. Because our review of jury verdicts is highly deferential, and Russell presented adequate evidence for the jury to find Walmart liable for infringement of the photographs, I would affirm. I thus respectfully dissent in part.

"A jury's verdict must be upheld if it is supported by substantial evidence, which is evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion." *Unicolors, Inc. v. Urb. Outfitters, Inc.*, 853 F.3d 980, 984 (9th Cir. 2017) (quoting *Harper v. City of Los Angeles*, 533 F.3d 1010, 1021 (9th Cir. 2008)). We "must view all evidence in the light most favorable to the nonmoving party, draw all reasonable inferences in the favor of the non-mover, and disregard all evidence favorable to the moving party that the jury is not required to believe." *Harper*, 533 F.3d at 1021. "Given the sanctity of the jury process, we undertake this review with special care and reluctance to overturn a verdict." *VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723, 736 (9th Cir. 2019).

1

To prevail on her direct infringement claim, Russell had to prove that Walmart engaged in active conduct that "can reasonably be described as the direct cause of the infringement." *Id.* at 731 (emphasis omitted) (quoting *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 666 (9th Cir. 2017)). Russell clearly met that burden. She presented substantial evidence at trial that Walmart posted the listings that contained her copyrighted photographs. She introduced the listings into evidence, which stated that the lamps were "[s]old & shipped by Walmart." The listings contained no indication that Sunsea had any involvement. Indeed, Walmart's former employees confirmed that the listings gave no indication that anyone other than Walmart created them.

Even if the jury believed that Sunsea posted the listings, Russell also presented substantial evidence that Walmart exercised control over the listings. Sunsea had to provide Walmart with the photographs used in the listings before they could be posted. Additionally, Russell introduced evidence that Walmart employees can edit the content of listings posted by third-party vendors and have done so in the past, retaining "final" say over the content.

Thus, viewing the evidence in Russell's favor, as we must, the jury could reasonably infer that Walmart posted or controlled the listings that infringed on Russell's photographs. This active conduct establishes Walmart's direct liability. *Cf. id.* at 733 (finding no direct infringement where users upload photos to Zillow's site

and Zillow exercises no control over the photos other than general operation of the site and automated systems designed to avoid copyright infringement). Our inquiry should end there. The jury's verdict should be affirmed.[1]

The majority errs in requiring more from Russell. First, it improperly reweighs the evidence in Walmart's favor. The majority relies on Walmart's evidence that it was not involved in posting the listings, but the jury was not required to believe Walmart or find its witnesses credible. Indeed, Russell repeatedly impeached Walmart's witnesses during trial. "[I]t was entirely within the jury's prerogative to find more credible [Russell's] version of the facts." *Harper*, 533 F.3d at 1023. The majority errs in relying on Walmart's evidence, rather than discarding it. *Id.* at 1021.

Second, the majority erroneously reanalyzes Russell's evidence with a fine-toothed comb. The standard of review is whether Russell provided substantial evidence—which she did—not whether she provided undisputed evidence. Russell's evidence need not be conclusive or undisputed for us to affirm the jury verdict in her favor. "It is the function of the jury, not of this court, to weigh conflicting evidence

---

[1] Substantial evidence also supports the jury's verdict that Walmart did not prove its affirmative defense under section 512(c) of the Digital Millenium Copyright Act. 17 U.S.C. § 512(c). To prevail on its affirmative defense, Walmart had to prove that it "adopted and reasonably implemented" a repeat infringer policy. 17 U.S.C. § 512(i)(1)(A). Russell presented substantial evidence that Walmart did not reasonably implement its policy because it failed to "terminate[] users who repeatedly or blatantly infringe copyright" on Walmart.com. *Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102, 1109 (9th Cir. 2007).

and judge the credibility of witnesses." *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1024 (9th Cir. 1985). The majority ignores this bedrock principle and usurps the jury's judgments for its own. In doing so, the majority undermines and lowers our high standard for overturning jury verdicts.

The majority may view the evidence differently or find Russell's evidence unconvincing. But the majority is not the jury. Russell presented sufficient evidence for the jury to find Walmart liable for copyright infringement on all counts. We must uphold our obligation to strongly safeguard jury verdicts. I would affirm in full.[2]

---

[2] Because I would affirm the jury verdict on all five counts of copyright infringement, I would also affirm the district court's attorneys' fees award. The district court did not abuse its discretion because it reduced the award by a reasonable amount to account for Russell's limited success. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). District courts retain broad discretion to determine the exact reduction amount in these situations. *Id.*